IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

        Plaintiff,                      No. CIV S-06-2487 MCE GGH P

    vs.

JACK HARRIS, et al.,

        Defendants.         <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $4.48 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

Named as defendants are Judge Ichikawa, Judge Garrett, Judge Nail, Judge Smith, Judge Beeman, District Attorney Harris, attorney Oldwin, Judge Haerle, Correctional Officers Grossjaun, Perez, Worly and Carver, Judge Mueller and Judge Karlton.

In claim one, plaintiff alleges that he was wrongfully convicted of Solano County criminal case no. FCR208409 as a result of an illegal search of his housing unit by defendants Grossjaun, Perez, Worly and Carver.  Plaintiff alleges that defendant Judge Nail illegally allowed defendant Harris to use this evidence against him in court.  Plaintiff alleges that his lawyer, defendant Oldwin, failed to notice these errors.  As relief, plaintiff seeks money damages and a new trial.

In this civil rights action, the court cannot order that plaintiff receive a new trial.  Plaintiff must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to obtain this relief.

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

1  Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for
2  damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the
3  conviction or sentence has been invalidated, expunged or reversed.  Id.
4         Plaintiff can seek money damages for his claims regarding his allegedly illegal
5  conviction if this conviction has been invalidated, expunged or reversed.  Because it is clear that
6  the conviction has not been invalidated, expunged or reversed, these claims are legally frivolous.
7         Moreover, defendants Nail and Harris are most likely immune from suit as to
8  plaintiff's claims for money damages.  Stump v. Sparkman, 435 U.S. 349, 364, 98 S.Ct. 1099
9  (1978)(judges are immune from suit for all actions performed within their jurisdiction); Imbler v.
10 Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984 (1976)(prosecutors entitled to absolute immunity
11 for initiation and pursuit of criminal prosecutions, including presentation of case at trial).
12         In claim two, plaintiff alleges that the other defendant judges improperly denied
13 his habeas corpus petitions and other petitions that he filed regarding the allegedly illegal
14 conviction discussed above.  Because the denial of plaintiff's pleadings was within the scope of
15 defendants' jurisdiction, the court finds that defendant judges are entitled to absolute immunity
16 as to these claims.
17         In claim three, plaintiff alleges that defendants Grossjaun, Perez, Worly and
18 Carver violated his Fourth Amendment rights by illegally searching his cell.  As discussed above,
19 plaintiff also alleges that the evidence obtained as a result of this illegal search resulted in
20 plaintiff's conviction of criminal charges.  In claim four, plaintiff alleges that his Sixth
21 Amendment right to effective assistance of counsel was violated during his state criminal
22 proceedings.  In claim five, plaintiff alleges that his rights under state law were violated during
23 his state criminal proceedings.  Finally, in claim six plaintiff alleges that various rights, including
24 his "judicial rights, Miranda rights, prejudicial rights, exclusionary rule rights, etc." were
25 violated during his state criminal trial.
26 /////

Claims 3-6 implicate the validity of plaintiff's criminal conviction. Accordingly, these claims are barred by Heck v. Humphrey, supra, because plaintiff's criminal conviction has not been invalidated, expunged or reversed.

Although it is unlikely that plaintiff can cure the pleading defects discussed above, the court will give him an opportunity to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel

pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

On December 4, 2006, plaintiff filed a motion to compel summary judgment. Because plaintiff has not filed a colorable complaint, the motion is premature.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $4.48. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. Plaintiff's November 30, 2006, motion for appointment of counsel is denied.

5. Plaintiff's December 4, 2006, motion to compel summary judgment is denied.

DATED: 12/26/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

yon2487.b