IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

    Plaintiff,                      No. CIV S-06-2487 MCE GGH P

    vs.

JACK HARRIS, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On December 26, 2007, the court dismissed plaintiff's complaint with thirty days to file an amended complaint. Pending before the court is plaintiff's amended complaint filed January 9, 2007.

        Plaintiff's amended complaint, which is not prepared on a complaint form, is defective in that it does not identify the relief sought. On this ground, the amended complaint is dismissed with leave to file a second amended complaint.

        Named as defendants are Perez, Carver, Worly, Grossjuan, Bowers and Oldwin. Plaintiff alleges that defendants Bowers and Carver handcuffed plaintiff then escorted him from his cell. As they did so, defendants acknowledged a puddle of water in front of plaintiff's cell. As plaintiff walked through the water, he slipped and fell, injuring his hand. Plaintiff argues that


defendants violated the Eighth Amendment by making him walk through the puddle without holding on to his arms or attempting to break his fall.

Inmates alleging Eighth Amendment violations based on unsafe prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). A puddle of water brought to the attention of plaintiff does not constitute a substantial risk of serious harm. Accordingly, plaintiff's Eighth Amendment claim against defendants Bowers and Carver is legally frivolous.

Plaintiff next alleges that while plaintiff was in the holding cage, defendant Carver kicked at him with his black boot, hitting plaintiff's hand. Plaintiff alleges that defendant Carver committed assault and battery. Plaintiff does not allege that defendant Carver intended to cause harm to plaintiff. Nor does plaintiff describe the injuries he received to his hand. Without this information, the court cannot determine whether plaintiff has stated a colorable claim against defendant Carver.

Plaintiff alleges that defendant Oldwin, his former attorney, failed to investigate the injuries he received to his hand. In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).

Defendant Oldwin is not a state actor because he is a private attorney. Accordingly, the claims against this defendant are legally frivolous.

The amended complaint contains no specific allegations against the remaining defendants. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the

>Constitution . . . shall be liable to the party injured in an action at
>law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because the amended complaint contains no specific allegations against the remaining defendants, the claims against these defendants are legally frivolous.

Accordingly, IT IS HEREBY ORDERED that:

1. The amended complaint filed January 8, 2007, is dismissed with twenty days to file a second amended complaint;

\\\\\

\\\\\

\\\\\

\\\\\

1         2. The Clerk of the Court is directed to send plaintiff the form for a civil rights
action pursuant to 42 U.S.C. § 1983.

DATED: 1/31/07                                             /s/ Gregory G. Hollows

                                                                                GREGORY G. HOLLOWS
                                                                                UNITED STATES MAGISTRATE JUDGE

yon2487.ame