IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

        Plaintiff,               No. CIV S-06-2487 MCE GGH P

    vs.

JACK HARRIS, et al.,

        Defendants.

_____/      ORDER

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the second amended complaint filed February 1, 2007. Named as defendants are Correctional Officers Bowers and Carver.

        Plaintiff alleges that he slipped and fell in a puddle of water that was outside his cell. Plaintiff alleges that defendants failed to hold onto his arms and failed to break his fall in violation of the Eighth Amendment.

        Inmates alleging Eighth Amendment violations based on unsafe prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). A puddle of water brought to the attention of plaintiff does not constitute a substantial risk of serious harm. Accordingly, plaintiff's Eighth Amendment claim against defendants

1

Bowers and Carver is legally frivolous.  Accordingly, the court will separately recommend dismissal of this claim.

Plaintiff alleges that defendants failed to clean up the puddle of water in retaliation for plaintiff flooding his tier and throwing trash and food out of his cell.

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)(citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

Plaintiff's retaliation claim fails for two reason.  First, plaintiff does not allege that defendants retaliated against him for engaging in protected conduct.  Flooding the tier and throwing trash and food out of his cell does not constitute protected conduct.  Second, plaintiff has pled no specific facts suggesting that defendants were motivated by retaliation.  Rather, plaintiff's claim of retaliation is vague and conclusory.  Accordingly, the court will separately recommend dismissal of this claim.

Plaintiff next alleges that while he was in the holding cage, defendant Carver kicked plaintiff's injured right hand, causing it to be even more injured.  Plaintiff alleges that defendant Carver acted with "harmful intent."  Plaintiff alleges that defendant Bowers witnessed defendant Carver kicking plaintiff, but failed to report it to his superiors.  The court finds that

these allegations states colorable Eighth Amendment claims against defendants Carver and Bowers.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Service is appropriate for the following defendants: Bowers and Carver.

        2. The Clerk of the Court shall send plaintiff 2 USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint filed February 12, 2007.

        3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

          a. The completed Notice of Submission of Documents;

          b. One completed summons;

          c. One completed USM-285 form for each defendant listed in number 3 above; and

          d. Three copies of the endorsed second amended complaint filed February 12, 2007.

        4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: 3/7/07

                                       /s/ Gregory G. Hollows
                                       UNITED STATES MAGISTRATE JUDGE

yon2487.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

    Plaintiff,　　　　　　　　　　　No. CIV S-06-2487 MCE GGH P

    vs.

JACK HARRIS, et al.,　　　　　　　　　　<u>NOTICE OF SUBMISSION</u>

    Defendants.　　　　　　　　　　<u>OF DOCUMENTS</u>

                           /

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

    ____ completed summons form

    ____ completed USM-285 forms

    ____ copies of the _____
                      Complaint/Amended Complaint

DATED:

                                    _____
                                    Plaintiff