IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

    Plaintiff,                    No. CIV S-06-2487 MCE GGH P

    vs.

JACK HARRIS, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss for failure to exhaust administrative remedies filed June 7, 2007. After carefully considering the record, the court recommends that defendants' motion be granted.

        This action is proceeding on the second amended complaint filed February 1, 2007, as to defendants Carver and Bowers. Plaintiff alleges that while he was in a holding cage, defendant Carver kicked plaintiff's injured right hand. Plaintiff alleges that defendant Bowers witnessed defendant Carver kicking plaintiff but failed to report it to his superiors.[1] Although

---

[1] The other claims contained in the second amended complaint have been dismissed.

1

1  not entirely clear, it appears that plaintiff alleges that these events occurred while he was housed
2  at the California Medical Facility (CMF).
3        42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to
4  prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in
5  any jail, prison, or other correctional facility until such administrative remedies as are available
6  are exhausted."  In order for California prisoners to exhaust administrative remedies, they must
7  proceed through several levels of administrative appeal:  1) informal resolution, 2) formal written
8  appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or
9  designee, and 4) third level appeal to the Director of the California Department of Corrections.
10  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, §
11  3084.5).  A final decision from the Director's level of review satisfies the exhaustion
12  requirement.  Id. at 1237-38.
13        In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates
14  must exhaust administrative remedies, regardless of the relief offered through administrative
15  procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely
16  exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be
17  brought with respect to prison conditions *until* such administrative remedies as are available are
18  exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).
19        In Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006), the Supreme Court
20  held that a prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise
21  procedurally defective administrative grievance or appeal.
22        In the motion to dismiss, defendants state that plaintiff did not file any
23  administrative appeals regarding the claims raised in the complaint.  In support of this claim,
24  defendants refer to the declaration of I. O'Brian, the Appeals Coordinator at California State
25  Prison-Sacramento (CSP-Sac), attached to the motion to dismiss.  According to I. O'Brian,
26  plaintiff filed 16 appeals while housed at CSP-Sac, none of which concern the allegations raised

in this action. Defendants also refer to the declaration of D. Porter, the Facility Captain at the Inmate Appeal Branch of the California Department of Corrections and Rehabilitation (CDCR), attached to the motion to dismiss. According to D. Porter, the CDCR Director had not accepted for Director's Level review any appeals filed by plaintiff regarding any incident where plaintiff was kicked by CDCR staff.

In his opposition filed June 19, 2007, plaintiff alleges that he did file an administrative appeal regarding the at-issue incident. Plaintiff alleges that his appeal did not receive a log number because it was rejected.

In the reply to plaintiff's opposition filed July 13, 2007, defendants attach the declaration of D. Lewis, the Appeals Coordinator at CMF. D. Lewis states that he conducted a search of the records at CMF to determine if plaintiff filed an appeal regarding the claims raised in this action. D. Lewis goes on to state,

> 6. If an inmate submits an Inmate Appeal Form 602, which is untimely, lacks critical information, or contains other procedure defects, the appeal may be rejected as procedurally defective and is not subject to review by the prison appeals office. The rejected appeal is returned to the inmate with information about the reason for the rejection. If the inmate intends to pursue the appeal, the inmate is informed that he must return the form with an explanation why the appeal coordinator's decision was inaccurate. The appeals office does not retain copies of the rejected appeals. However, the appeals office does have a computer program of rejected appeals and Inmate Yonai's duplicate appeals were rejected on 7/31/03 because "there has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely." The computer database does not indicate any documentation indicating that Plaintiff responded to the rejection of the appeal.
>
> 7. The computer program has tabs related to each section of the appeal. We are able to see the date the appeal was screened out and any comments in the comment section. I recognize defendants' names in the comment section of Inmate Yonai's appeals and that is how I know that this was the appeal at issue.

Declaration of D. Lewis, ¶¶ 6-7.

\\\\\

1       Defendants have presented evidence that plaintiff did not exhaust the claims raised in this action by filing an appeal at the Director's Level.  The court finds that plaintiff has failed to exhaust administrative remedies on this ground.

      In response to plaintiff's claim that he did file an administrative appeal which was screened out, defendants have presented evidence suggesting that plaintiff's first level appeal regarding the claims raised in this action was most likely rejected as untimely.  Because the appeals office does not retain copies of the appeals dismissed as untimely, defendants were unable to submit a copy of the rejected appeal.  Plaintiff himself also has failed to present a copy of this appeal.  However, the court need not recommend granting defendants' motion on grounds that the appeal was rejected as untimely, see Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006), because it is clear that plaintiff did not exhaust his claims to the Director's Level of Review.

      Accordingly, IT IS HEREBY RECOMMENDED that defendants' June 7, 2007, motion to dismiss be granted.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   10/30/07

      /s/ Gregory G. Hollows

      UNITED STATES MAGISTRATE JUDGE

yon2487.mtd